**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

WALTER L. STARKS,

      Plaintiff - Appellant,

v.

TOM LEWIS, Oklahoma Correctional
Industries; DAVE MILLER, Warden,

      Defendant - Appellee.

No. 08-6137
(W.D. Okla.)
(D.Ct. No. 5:06-CV-00512-M)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f)); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Walter Starks, an Oklahoma prisoner proceeding pro se,[1] appeals from the

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1] We liberally construe pro se pleadings and appellate briefs. *Ledbetter v. City of
Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against Tom Lewis, a supervisor at Oklahoma Correctional Industries (Factory #66) and Warden David Miller. The district court dismissed Starks' claims against Lewis without prejudice for failure to exhaust administrative remedies and Starks' claims against Warden Miller for failure to state a claim upon which relief may be granted. We AFFIRM.

## I. BACKGROUND

After Starks worked in the prison employment program for over six years, Lewis terminated his employment. Believing he was fired due to allegations of stealing, Starks filed a "Request to Staff" with Lewis, denying wrongdoing and requesting reinstatement. In his request Starks alleged his termination appeared to be racially motivated because two other white employees had been caught stealing and did not lose their jobs. Lewis responded the same day, informing Starks an officer had filed the complaint against Starks after observing Starks wrapping t-shirts around his leg. The officer assumed he was going to remove this property and then saw Starks leave the area without permission or submitting to a search as required by prison policy. Lewis noted Starks' termination was for this breach of policy rather than for stealing. Lewis concluded:

> Walter, you screwed-up and it cost you your job, I think it is time
> you stop crying about how you've been treated and face the fact that
> you are the reason you were terminated; no-one "snitched" you off!
> You did this to your-self period. Naming other people in your
> request to staff; now that's being a snitch! There's one other issue

you raise in your request to staff, I will not dignify with a response, I'll simply let others who know me testify to that . . . .

(R. Doc. 1, Ex. 3.)

Starks next filed an "Inmate/Offender Grievance Report Form" with the warden's office. Starks set forth the foregoing correspondence, again denied any wrongdoing and claimed race discrimination. Starks also alleged Lewis retaliated against him by having an inmate clerk type Lewis' response to the "Request to Staff." That inmate read the comment about Starks being a snitch and informed other inmates, placing Starks' life in danger. Warden Miller denied Starks' grievance stating "Mr. Lewis . . . answered your request appropriately" and explained, "[p]olicy does not dictate which job an inmate is required to be employed in and discrimination has nothing to do with this incident." (R. Doc. 1, Ex. 6.)

Starks then filed an appeal to the Administrative Review Authority. On December 12, 2005, Starks received notice his appeal was not procedurally compliant. Specifically, Starks presented more than one issue in his claim – "fired from [Oklahoma Correctional Industries]; inmate typing response and inmate read response; placing life in danger" – and he failed to recommend a definite action to be taken by the reviewing authority. (R. Doc. 1, Ex. 7.) The notice informed Starks he had "ten calendar days from date of receipt to properly submit the grievance." (*Id.*)

Starks did not submit a corrected appeal.

Instead, Starks filed a § 1983 complaint alleging Lewis and Warden Miller had violated his First Amendment rights. He alleged Lewis retaliated against him for his report, denied him the opportunity to petition the government and placed his life in danger. He alleged Warden Miller was liable due to his "supervisory condoning of the wrongs [of Lewis] and for failing to correct and abate the wrongs while empowered and authorized to take official action." (R. Doc. 1 at 3(b).)

After a referral of the matter to a magistrate judge, Lewis and Miller filed separate motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, motions for summary judgment. The magistrate issued a thorough report recommending the claims against Lewis be dismissed without prejudice because Starks had failed to exhaust his administrative remedies and the claims against Miller be dismissed with prejudice because Starks failed to allege Miller was personally involved in the alleged constitutional violation. Over Starks' objections, the district court adopted the recommendations of the magistrate and dismissed Starks' claims.

## II. DISCUSSION

A. Exhaustion – Defendant Lewis

We review de novo the district court's finding of failure to exhaust

administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Starks concedes he did not resubmit his grievance to the Administrative Review Authority after he received his noncompliance notice. He maintains, however, his appeal contained only one issue. Because he provided the reviewing authority the opportunity to review his claim but it erroneously refused to consider it, he exhausted his administrative remedies under the Prison Litigation Reform Act (PLRA). He is mistaken.

The PLRA provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies. *Jernigan*, 304 F.3d at 1032. Starks' belief the reviewing authority improperly rejected his grievance is irrelevant. The rejection notice, rightly or wrongly, directed Starks to the deficiencies he needed to cure and invited him to do so within ten calendar days. Contrary to Starks' assertions, this administrative remedy remained available. He simply chose not to take advantage of the opportunity to clarify any misunderstanding that, in his opinion, the reviewing authority

-5-

entertained.  As we have stated before, an inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default."  *Id.* at 1033.

B.  Supervisor Liability – Defendant Miller

"Because the sufficiency of a complaint is a question of law, we review de novo the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)( 6), applying the same standards as the district court."  *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008) (quotations omitted).

> In the Rule 12(b)(6) context, we look for plausibility in the complaint.  In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.

*Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations and quotations omitted).

Starks argues the district court erred in dismissing his claims against Miller because Miller failed to take corrective action in response to his complaints concerning Lewis and it is "clear that Prison officials may not subject an inmate

in their custody to life threatening situation[s]." (Appellant's Br. at 8.)[2]

Starks points to *Choate v. Lockhart*, for the proposition that "[s]upervisors can incur liability for cruel and unusual punishment in two ways: they can be liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." 7 F.3d 1370, 1376 (8th Cir. 1993) (citations and quotations omitted). Starks contends when Miller received his grievance against Lewis and failed to address his retaliation claims, Miller demonstrated his tacit authorization of Lewis' actions.

To the extent Starks claims Miller is liable for a First Amendment violation as Lewis' supervisor, we have summarized the parameters of supervisory liability under § 1983 as follows:

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. There is no concept of strict supervisor liability under § 1983. This does not mean that a supervisor may not be liable for the injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part.

---

[2] "Under certain circumstances, a district court may, notwithstanding failure to exhaust, proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). This is the approach taken by the district court in regards to Starks' claims against Warden Miller.

Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. In short, the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation.

In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because mere negligence is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur.

*Serna v. Colorado Dep't. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations and quotations omitted). Miller's response to Starks' grievance negates any inference he acquiesced to Lewis' alleged retaliation in response to Starks' discrimination claim. Miller stated: "Mr. Lewis questioned the security of the facility with you as an employee; therefore, he has the authority to recommend your dismissal and to not rehire you . . . . [D]iscrimination has nothing to do with this incident." (R. Doc. 1, Ex. 4.)

To the extent Starks is claiming Miller violated the Eighth

Amendment in breaching his "duty to protect prisoners from violence at the hands of other prisoners," his complaint must meet the standards in *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). Starks must plead (1) a substantial risk of serious harm (objective prong) and (2) [Miller's] deliberate indifference to that risk (subjective prong). *Id.* at 834. Starks' complaint fails both prongs.

"It is not . . . every injury suffered by one prisoner at the hands of another that translates into [a] constitutional liability . . . ." *Id.* To be deliberately indifferent a prison official must know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Starks' grievance contained only the charge that Lewis allowed an inmate to type and read the response to Starks and, as a result, Starks feared for his life because inmates who have been caught stealing "have been looking at [Starks] as if [he] is the cause of them losing their jobs." (R. Doc. 1, Ex. 4.) He does not claim Miller received any other information regarding Starks' circumstances or was aware of the "threats" he alleges in his complaint. These allegations are insufficient to notify Miller of any ongoing constitutional violation, let alone establish Miller's deliberate indifference to alleged unconstitutional activity. Warden Miller

is under no duty to personally conduct a full investigation into an inmate's complaint that the other inmates are "looking" at him. This is hardly a claim of "excessive risk to safety" or notice of a "substantial risk of serious harm." The district court correctly dismissed Starks' claims against Miller.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge